**AFFIDAVIT OF DEPORTATION OFFICER RICHARD J. COLEMAN**
**IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Richard J. Coleman, being duly sworn, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I am a Deportation Officer with the Department of Homeland Security ("DHS"),
Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO")
assigned to the office of the Field Office Director ("FOD"), Boston, Massachusetts, and have been
so employed since August of 2002.  I have been employed as an immigration officer in a full time,
continuous status for approximately 20 years.  I am currently assigned to the ERO Criminal
Prosecutions ("ECP") unit and have been so since June of 2020.  In 2002, I attended the
Immigration Officer Basic Training Course.  I have received training and have experience in the
enforcement of the immigration laws of the United States and the detection and apprehension of
aliens who are in the United States unlawfully.  I am assigned to investigate cases involving
persons who have illegally reentered the United States after having been deported and other
violations of the Immigration and Nationality Act.  I know that it is a violation of Title 8, United
States Code, Section 1326, to reenter the United States after deportation without having received
the express consent of the Secretary of the Department of Homeland Security to reenter.

2.      The information contained in this affidavit is based upon information from my
investigation, as well as information provided to me by other law enforcement agents and agencies,
a review of criminal history records, and a review of documents from the Alien File #xxx-xxx-488
("A-File") associated with an individual named Luis Angel Villar ("VILLAR"),
DOB: xx/xx/1992.

3.      This affidavit is submitted in support of a criminal complaint and arrest warrant
charging VILLAR with unlawful reentry of deported alien, in violation of Title 8, United States

Code, Section 1326(a).  This affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint and arrest warrant.  In submitting this affidavit, I have not included each and every fact known to me and other law enforcement officers concerning this investigation.  Instead, it contains only facts sufficient to establish probable cause in support of a criminal complaint and the issuance of an arrest warrant.

## PROBABLE CAUSE

4.      VILLAR entered the United States on an unknown date at an unknown place without inspection by an immigration officer.

5.      On January 25, 2023, U.S. Border Patrol arrested VILLAR at or near Lukeville, Arizona.  VILLAR admitted that he is a citizen of the Dominican Republic and that he entered the United States unlawfully.  That same day, VILLAR was ordered removed from the United States pursuant to an Expedited Removal Order.

6.      On March 7, 2023, ICE removed VILLAR to the Dominican Republic.  At the time of his removal, his right index fingerprint and photograph were obtained and affixed on the Form I-296 Notice to Alien Ordered Removed / Departure Verification.

7.      Thereafter, on an unknown date and at an unknown location, VILLAR again reentered the United States without inspection by an immigration officer.

8.      On November 23, 2024, VILLAR was arrested by the Massachusetts State Police. He was charged with assault and battery with a dangerous weapon in BMC-Roxbury on November 26, 2024 (Docket No. 2402CR002778).  As a result of VILLAR's arrest, ICE became aware of VILLAR's presence in the United States on or about November 30, 2024.

9.      VILLAR was arrested again in December and was charged with Larceny from a person in BMC-Central on December 31, 2024 (Docket No. 2401CR005712).  VILLAR was arrested again in February and was charged with one count of distribution of a Class A drug and

one count of furnishing false identification to law enforcement in BMC-Roxbury on February 18, 2025 (Docket No. 2502CR000343). That same day, the BMC-Roxbury court revoked VILLAR's bail. All three criminal cases against VILLAR are pending.

10.      On February 24, 2025, I reviewed the documents contained in VILLAR's A-file and confirmed, among other things, that VILLAR is a citizen and national of the Dominican Republic. The A-file also contains the removal verification documents referenced above. A review of VILLAR's A-file also revealed no evidence that he has ever requested or received the express consent of the Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States following his deportation.

11.      On February 27, 2025, I submitted a copy of VILLAR's March 7, 2023, Form I-296 Notice to Alien Ordered Removed / Departure Verification and a copy of the Massachusetts State Police fingerprint card associated with VILLAR's November 23, 2024, arrest, to the Homeland Security Investigations – Forensic Laboratory (HSI-FL) for fingerprint comparison. HSI-FL reported that the two sets of fingerprints were made by the same individual.

## CONCLUSION

12.     Based on the foregoing facts, I submit there is probable cause to believe that on or about November 30, 2024, being an alien and having been excluded, removed, or deported from the United States on or about March 7, 2023, VILLAR was thereafter found in the United States without having received the express consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a).

Richard J Coleman

_____
Richard J. Coleman
Deportation Officer
U.S. Immigration & Customs Enforcement

SWORN to telephonically in accordance with Fed. R. Crim. P. 4.1 on this date of March 14, 2025

4:09 P.M.

_____
HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE

4